Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.H.O., at suppression hearing; Harold Adler, J., at suppression ruling; Robert A. Neary, J., at jury trial and sentencing), rendered July 18, 2011, convicting defendant of two counts of criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of seven years, unanimously affirmed.
The court properly denied defendant’s suppression motion. The record supports the court’s finding that an officer recovered a pistol from defendant by way of a lawful stop and frisk based on reasonable suspicion. A fair reading of the record fails to support defendant’s assertion that the officer’s conduct exceeded the proper bounds of a frisk. On the contrary, the evidence demonstrates that the officer removed a pistol from defendant’s waistband only after the officer made contact with the grip of the pistol, and thus confirmed that it was a weapon. Moreover, based on the information known to the officer before he made physical contact with defendant, including the officer’s observation of a pistol-shaped bulge, he not only had reasonable suspicion that defendant was carrying a weapon, but knew exactly where the weapon was located. Accordingly, it was reasonable for the officer to make an immediate seizure as a safety measure (see People v Taggart, 20 NY2d 335, 342-343 [1967], appeal dismissed 392 US 667 [1968]).
The trial court properly exercised its discretion in admitting testimony about a police bulletin received by the arresting officers, which contained a basic description of a recent pattern of armed robberies involving three unidentified men. This evidence provided necessary background material to complete the *449 narrative of events leading up to defendant’s arrest and explain why the police officers’ attention was drawn to defendant and his companions (see People v Morris, 21 NY3d 588 [2013]; People v Barnes, 57 AD3d 289 [1st Dept 2008], lv denied 12 NY3d 781 [2009]). One of the primary issues in the case was police credibility, and this evidence was necessary to prevent undue speculation by the jury (id.). Furthermore, any prejudicial effect was minimized by the court’s limiting instructions, which the jury is presumed to have followed. Defendant’s constitutional arguments, his claim of prosecutorial misconduct in summation, and his challenge to the timing of the court’s limiting instruction are unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
The court properly denied defendant’s request for a jury charge on temporary and lawful possession. There was no reasonable view of the evidence, viewed in the light most favorable to defendant, that his possession of a weapon resulted from the performance of a lawful act (see People v Williams, 50 NY2d 1043, 1045 [1980]). Defendant’s request for this charge was based on his written statement admitting that he placed his companion’s loaded pistol into his own waistband “for fun.” “Fun” is not a legal excuse for possessing a weapon.
We perceive no basis for reducing the sentence. Concur— Tom, J.E, Andrias, Friedman, Freedman and Clark, JJ.